The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Nick San EMERTERIO, Defendant–
Appellant.

No. 89CA0870.

Colorado Court of Appeals,
Div. V.

March 14, 1991.

As Modified on Denial of Rehearing
April 11, 1991.

Rehearing on Modification
Denied May 16, 1991.

Certiorari Granted Nov. 12, 1991.

Cross-Petition for Certiorari
Denied Nov. 12, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Nick San Emerterio, appeals the judgment of conviction entered upon a jury verdict finding him guilty of solicitation for child prostitution, first degree sexual assault, and first degree kidnapping. We affirm in part, reverse in part, and remand with instructions.

From the evidence at trial, the jury could find the following scenario.

Victim was walking down the street when the defendant drove beside her. He forcibly pulled her into his car and drove her to a parking lot where he forced her to perform an oral sex act.

Thereafter, while refusing to free her from the car, he exacted a promise from her that after her release, she would procure small children for him to photograph nude and with whom he could engage in acts of masturbation. For these services,

he promised to compensate both the victim and the children.

After the victim agreed to return the next morning with a child for those purposes, defendant resumed driving her toward the scene of her abduction. En route, the victim jumped out of the car and shortly thereafter made complaint to the police.

## I.

Defendant contends that it was error to convict him of soliciting for child prostitution because the offense does not apply to his conduct. We disagree.

Pursuant to § 18–7–402(1)(a), C.R.S. (1986 Repl.Vol. 8B), a person commits soliciting for child prostitution if he, "[s]olicits another for the purpose of prostitution of a child or by a child." Masturbation in exchange for money or a thing of value is among the acts included as being prostitution. Section 18–7–401(6) and (7), C.R.S. (1986 Repl.Vol. 8B).

A person who acts as the agent between the person who seeks the sexual act and the prostitute is guilty of solicitation of prostitution. *People v. Mason,* 642 P.2d 8 (Colo.1982). However, we reject defendant's interpretation of the *Mason* case as holding that a person who seeks the sexual act cannot be guilty of solicitation for prostitution.

Defendant's status as the person seeking the illicit acts does not change the fact that he also solicited victim to provide him with children to perform those acts for money. Thus, defendant's conduct was proscribed by the statute, and his prosecution and conviction thereunder is amply supported by the record before us.

## II.

Defendant next contends that the trial court erred in instructing the jury that the *mens rea* for the crime of solicitation for child prostitution is that of "knowingly." We disagree.

Defendant was charged with a violation of § 18–7–402(1)(a). This statute, proscribing solicitation for child prostitution, fails to specify the requisite *mens rea* for the commission of this offense.

Under these circumstances, a culpable mental state may nevertheless be required if the proscribed conduct necessarily involves a culpable mental state. Section 18–1–503, C.R.S. (1986 Repl.Vol. 8B). And, the trial court here, without objection, instructed the jury that the requisite *mens rea* was that of "knowingly," pursuant to *COLJI–Crim.* No. 24:03 (1983).

Defendant now argues that the statute should be interpreted to require intentional conduct and that the given instruction constitutes plain error.

We agree that a trial court is obligated to instruct the jury properly as to every element of the crime, and its failure to do so is plain error. *Chambers v. People,* 682 P.2d 1173 (Colo.1984). We disagree, however, that the jury was improperly instructed.

The gist of the crime of solicitation is that the defendant is aware of what he is doing, within the definition of the term "knowingly" as set forth in § 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B). The focus of the crime is the initial solicitation, not the ultimate sexual act which might occur. *People v. Mason, supra.*

We note that under a previous statutory version of the crime of first degree sexual assault, which then failed to specify the *mens rea* element, our supreme court held the appropriate mental state to be that of "knowingly." *People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980). Further, under the current version of the crime of sexual assault on a child, § 18–3–405(1), C.R.S. (1986 Repl.Vol. 8B), the requisite mental state is likewise that of "knowingly."

Contrary to the contention of defendant, it is illogical to require that for conviction for solicitation for an illegal sexual act there must be a greater culpable mental state, *i.e.,* that of intentional conduct, than would be required for the conviction of the completed illegal act. Thus, we conclude that the proper culpable mental state for this charged crime is that of knowingly, and that no error was committed by the

trial court in instructing the jury in that regard.

## III.

■■■ Defendant next contends that it was error to convict him of first degree kidnapping because the evidence fails to establish all of the essential elements of the offense. We agree.

First degree kidnapping requires that a defendant intend to force the victim to make a concession or give up anything of value in order to secure a release. Section 18–3–301(1), C.R.S. (1986 Repl.Vol. 8B). Generally, if the victim of a first degree sexual assault is forced to submit without having any choice in the matter, there exists no concession within the meaning of the first degree kidnapping statute. *People v. Nunez*, 673 P.2d 53 (Colo.App.1983). Thus, victim's forced submission to defendant's sexual assault cannot serve as the concession required by § 18–3–301(1).

Therefore, the issue is whether victim's agreement to return the next morning with children for defendant constitutes a concession.

A concession implies giving up something or doing something over which the victim has some choice. *See generally People v. Bridges*, 199 Colo. 520, 612 P.2d 1110 (Colo.1980). Here, victim agreed to defendant's request to get him some children.

We conclude, however, that the victim's agreement to do this future act, after her release and over which defendant had no control to insure her performance, does not amount to a concession. Accordingly, all of the elements of first degree kidnapping have not been established, and defendant's conviction for this charge must be reversed.

Our conclusion, however, does not negate the other elements of kidnapping that the jury found present. Implicit within the jury's verdict was a finding of all the essential elements of the lesser included offense of second degree kidnapping. Section 18–3–302(1), C.R.S. (1986 Repl.Vol. 8B). Although an essential element of the crime of second degree kidnapping is that the victim is carried from one place to another "without his consent and without lawful justification," the jury here, by its finding of guilty to first degree kidnapping, determined that the victim was "forcibly [seized] and carried from one place to another", which we conclude necessarily encompasses the element required for second degree kidnapping. Thus, even though the jury was not instructed as to second degree kidnapping, it necessarily found those elements present beyond a reasonable doubt, and therefore, the judgment of conviction for that offense should be entered on remand. *See People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (Colo.1975). Additionally, defendant should then be resentenced pursuant to § 18–3–302(3), C.R.S. (1986 Repl.Vol. 8B).

## IV.

Defendant contends that improper comments by the prosecutor throughout the trial deprived him of a fair trial. We disagree.

### A.

■■■ Defendant first argues that a mistrial was warranted based on the prosecutor's statement during voir dire implying that there was additional evidence against defendant that would not be presented. We find any prejudice resulting from the prosecutor's comment to have been cured by the trial court's instruction to the jurors that their decision must be based on the evidence presented at trial. Accordingly, we find no abuse of discretion in the trial court's denial of defendant's request for a mistrial. *See People v. Hickam*, 684 P.2d 228 (Colo.1984).

### B.

■■■ Defendant also asserts that he is entitled to a new trial because the prosecutor made numerous improper comments and references during his closing argument. Again, we find no abuse of the trial court's discretion in its ruling on this issue.

**520**

*See People v. Moody,* 676 P.2d 691 (Colo. 1984).

At trial, a police officer testified that he found a cigar box full of candy in defendant's car. The prosecutor argued in closing and over defendant's objection that a reasonable inference to be drawn from this evidence was that the candy may have been used to solicit young children. We do not find the prosecutor's remark to be so prejudicial as to constitute a denial of justice and to require a new trial.

Defendant also objected to the prosecutor's closing argument related to the role of the jury arguing that such comments inflamed the passions of the jury. Although the trial court overruled defendant's objection, it cautioned the jury that it was to exclude any sympathy or bias or prejudice in deciding the case. We conclude that the trial court's comment satisfactorily compensated for any alleged error created by the prosecutor's statements.

Defendant additionally objected to the prosecutor's argument regarding the fact that there was only one eyewitness to the crime. The trial court, again, overruled defendant's objection. The prosecutor's comments were in response to the defendant's closing argument wherein victim's credibility was attacked. Thus, the prosecutor was merely responding to defendant's argument and explaining the lack of control that the People have as to whether there is one or more witnesses. We conclude that such comments were not prejudicial or improper.

Defendant's other contentions are without merit. The judgment of conviction is affirmed in all respects except as to the first degree kidnapping charge. As to that offense, the judgment is reversed, and the cause is remanded for entry of a judgment of conviction of second degree kidnapping and for imposition of sentence thereon.

PLANK and NEY, JJ., concur.