The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 23, 2019

## 2019COA79

## No. 17CA0204, *People v. Ross* — Crimes — Solicitation for Child Prostitution; Criminal Law — Mens Rea

A division of the court of appeals approves two rulings made
by the trial court and, in the process, reaches three conclusions
about the crime of soliciting for child prostitution, § 18-7-402,
C.R.S. 2018. First, the division concludes that the crime is a
specific intent crime, disagreeing with the conclusion in *People v.
Emerterio*, 819 P.2d 516, 518-19 (Colo. App. 1991), *rev'd on other
grounds sub nom. People v. San Emerterio*, 839 P.2d 1161 (Colo.
1992), which determined that it was a general intent crime.
Second, the division concludes that section 18-7-407, C.R.S. 2018,
does not act to relieve the prosecution of its obligation to prove that
the defendant solicited another for the purpose of child prostitution.

Third, the division concludes that the same statute did not prevent the trial court from instructing the jury on the lesser crime of soliciting for prostitution, § 18-7-202, C.R.S. 2018.

COLORADO COURT OF APPEALS                                    **2019COA79**

Court of Appeals No. 17CA0204
City and County of Denver District Court No. 15CR5842
Honorable Andrew P. McCallin, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Phillip L. Ross,

Defendant-Appellee.

RULINGS APPROVED

Division VII
Opinion by CHIEF JUDGE BERNARD
Márquez* and Vogt*, JJ., concur

Announced May 23, 2019

Elizabeth McCann, District Attorney, Johanna G. Coats, Deputy District
Attorney, Denver, Colorado, for Plaintiff-Appellant

Mallika L. Magner, Alternate Defense Counsel, Crested Butte, Colorado, for
Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1     This is an appeal by the prosecution in a criminal case.  The prosecution asks us to disapprove two rulings that the trial court made during the trial of defendant, Phillip L. Ross.  It contends that the court erred when it (1) partially granted defendant's motion for a judgment of acquittal and dismissed two counts of soliciting for child prostitution under section 18-7-402(1), C.R.S. 2018; and (2) submitted the lesser offense of soliciting for prostitution under section 18-7-202, C.R.S. 2018, for the jury's consideration.  Because we conclude that the court did not err, we approve these two rulings.

## I.     Introduction

¶ 2     Consider the parallels between the group of statutes generally pertaining to prostitution and the group of statutes specifically pertaining to prostitution of children.  (In this context, a child is a "person under the age of eighteen years."  § 18-7-401(2), C.R.S. 2018.)

¶ 3     First, the two groups include many of the same crimes, but the legislature penalizes the ones with child victims more severely.  For example, the crime of soliciting another for prostitution is a

class 3 misdemeanor.  § 18-7-202(2).  The offense of soliciting for child prostitution is a class 3 felony.  § 18-7-402(2).

¶ 4     Second, the elements of the offenses are similar.  For example, the crime of soliciting another for prostitution is committed when a person either "[s]olicits another for the purpose of prostitution," § 18-7-202(1)(a), or "[a]rranges or offers to arrange a meeting of persons for the purpose of prostitution," § 18-7-202(1)(b).  The offense of soliciting for child prostitution occurs if a person either "[s]olicits another for the purpose of [child prostitution]," § 18-7-402(1)(a), or "[a]rranges or offers to arrange a meeting of persons for the purpose of [child prostitution]," § 18-7-402(1)(b).

¶ 5     Third, both groups include statutes that prohibit specified conduct with prostitutes or with child prostitutes.  *Compare* § 18-7-203(1)(a), C.R.S. 2018 (pandering), *and* § 18-7-205(1)(a), (2), C.R.S. 2018 (patronizing a prostitute), *with* § 18-7-403(1), (2), C.R.S. 2018 (pandering of a child), *and* § 18-7-406(1)(a), C.R.S. 2018 (patronizing a prostituted child).

¶ 6     But, as is relevant to our analysis in this case, the group of child prostitution statutes includes something that the group of general prostitution statutes does not.  Section 18-7-407, C.R.S.

2

2018, states that, in "any criminal prosecution under sections 18-7-402 to 18-7-407, it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be eighteen years of age or older." We shall refer to this statute as "section 407."

¶ 7    This appeal asks us to resolve three questions arising out of the intersection of the crime of soliciting for child prostitution and section 407.

¶ 8    What is the function of the phrase "for the purpose of," as used in "[s]olicits another for the purpose of [child prostitution]" and "[a]rranges or offers to arrange a meeting of persons for the purpose of [child prostitution]?" § 18-7-402(1)(a), (b). We conclude that it means that a defendant must have had the specific intent to solicit another for child prostitution.

¶ 9    What effect does section 407 have on the crime of soliciting for child prostitution? We conclude that, unlike some other crimes, such as pandering of a child or patronizing a prostituted child, soliciting for child prostitution does not require the prosecution to prove that the victim was a child. Rather, the gravamen of the offense is the defendant's intent to solicit for the purpose of child

3

prostitution, and it does not matter whether the "other" whom the defendant solicits is actually a child or is actually an adult. As a result, section 407 does not have any effect on the prosecution's obligation to prove the defendant's intent, and it does not turn the crime of soliciting for child prostitution into a strict liability offense.

¶ 10    Does section 407 bar trial courts from submitting instructions on the lesser offense of soliciting another for prostitution in cases in which defendants are charged with soliciting for child prostitution? We conclude that, under the facts of this case, the answer to this question is "no."

## II.  Background

¶ 11    Two girls under the age of eighteen, sometimes working with others, used a website to place several advertisements announcing their willingness to perform sex acts in exchange for money. The different advertisements listed varying ages for the girls, but they all read that the girls were at least nineteen years old.

¶ 12    After seeing the advertisements, defendant texted the girls and negotiated a price that he would pay in exchange for sex acts. When the police arrested him, he admitted texting the girls to solicit

sex, but he maintained that he had thought he was contacting "adult females."

¶ 13    As is pertinent to this appeal, the prosecution charged him with four counts of soliciting for child prostitution: two under section 18-7-402(1)(a), each naming one of the girls, and two under section 18-7-402(1)(b), each naming one of the girls.

¶ 14    After the prosecution's case-in-chief, defense counsel moved for judgment of acquittal on the four soliciting counts. Counsel argued that the prosecution had not presented any evidence to prove the culpable mental state of the crime of soliciting for child prostitution, which was that defendant had solicited or arranged a meeting of persons *for the purpose of* child prostitution. The prosecutor replied that defendant's position was untenable because section 407 prevented him from raising the defenses that he did not know the girls' ages or that he reasonably believed the girls were at least eighteen years old.

¶ 15    The trial court agreed with the defense. The court decided that section 407 prevented defendant from presenting a defense that he "believed that the prostitute was of legal age," but that it did

not relieve the prosecution of its burden to prove that the soliciting or arrangement was "for the purposes of child prostitution."

¶ 16 Because it was undisputed that the prosecution had not presented any direct evidence of defendant's intent, the court focused on circumstantial evidence, such as whether defendant knew or should have known about the two girls' ages. The court concluded that the jury "could reasonably determine that [the first girl] was underage" based on a photograph of her in the advertisements. But there was no photograph of the second girl, and the only information about her in the advertisements was that she was nineteen or twenty years old. So the court decided that the prosecution had not presented any evidence that defendant had solicited the second girl "for the purpose of child prostitution." It then entered a judgment of acquittal on the two counts naming the second girl, but it denied the motion on the two counts naming the first girl.

¶ 17 During the instruction conference, defense counsel asked the court to instruct the jury on the lesser offense of soliciting for prostitution under section 18-7-202(1)(a) and (b). As the basis for this request, counsel asserted that the jury could conclude that

defendant's "purpose here was to solicit an adult prostitute," not a child prostitute.

¶ 18     The prosecutor objected.  She replied that giving the instruction would violate section 407 by allowing defendant to rely on defenses that section 407 expressly prohibited.

¶ 19     The trial court again agreed with the defense, reading the soliciting for child prostitution statute to require the prosecution to show that "the defendant *intended* to solicit a child for prostitution." (Emphasis added.)  Later, it ruled that the prosecution "must show some mental state, that what the defendant was doing was arranging or soliciting a prostitute for *purposes* of child prostitution."  (Emphasis added.)  It later instructed the jury as defense counsel had requested.

¶ 20     The jury hung on the soliciting for child prostitution counts. But it told the court that it could reach a unanimous decision on the lesser counts.  Rather than accept the verdicts on the lesser counts, the prosecutor asked the court to declare a mistrial.  It did.

¶ 21     Before the retrial on the remaining counts, the prosecution sought our supreme court's review via an original proceeding under C.A.R. 21.  The supreme court denied this request.

¶ 22    The prosecution then offered to resolve this case by way of a plea disposition.  Defendant accepted, pleading guilty to two misdemeanor counts of soliciting another for prostitution.

¶ 23    Relying on section 16-12-102(1), C.R.S. 2018, which allows the prosecution to appeal "any question of law," the prosecution filed this appeal.

## III.  Analysis

¶ 24    The prosecution asserts that the trial court was mistaken when it decided that, to prove the crime of soliciting for child prostitution, the prosecution had to show that the person whom "he was soliciting was a child."  The court, the prosecution continues, should have instead applied section 407.  This means that the prosecution *only* had to prove that defendant had knowingly solicited a prostitute and that this person was under eighteen years old.  In other words, the prosecution contends that, because of section 407, the prosecution did not have to prove that defendant had any culpable mental state in connection with the solicited person's age: as far as that element is concerned, soliciting for child prostitution is a strict liability crime.

8

¶ 25    But we respectfully disagree with the prosecution's characterization of what the trial court did.  Rather, after reviewing the transcript, we agree with defendant's description of the court's ruling: the court did not dismiss the two soliciting for child prostitution charges naming the second girl because defendant did not know that she was a child, but because there was no evidence presented at trial that would have allowed the jury to find that he had solicited her for the purpose of child prostitution.  Looking at the court's rulings from this perspective, we conclude that the court did not err when it (1) granted defendant's motion for a judgment of acquittal on two of the soliciting for child prostitution counts; and (2) instructed the jury on the lesser offense of soliciting for prostitution.

### A.    What Does the Phrase "for the [P]urpose of [Child Prostitution]" in Section 18-7-402(1) Mean?

#### 1.    Standard of Review and Principles of Statutory Interpretation

¶ 26    We review issues of statutory interpretation de novo.  *People v. Ortiz,* 2016 COA 58, ¶ 15.  When we interpret statutes, we must ascertain and give effect to the legislature's intent.  *Colo. Dep't of Revenue v. Creager Mercantile Co.,* 2017 CO 41M, ¶ 16.  In doing so,

9

"[w]e give effect to words and phrases according to their plain and ordinary meaning[s]." *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1089 (Colo. 2011). But, "[w]ords and phrases that have acquired a technical or particular meaning . . . [are] construed accordingly." § 2-4-101, C.R.S. 2018. If a statute's language is clear, we apply it as the legislature wrote it. *Denver Post Corp.*, 255 P.3d at 1089.

### 2. *People v. Emerterio*

¶ 27    Normally, a defendant must act with a culpable mental state to be criminally liable. *See Gorman v. People*, 19 P.3d 662, 665 (Colo. 2000). A division of this court has held that the culpable mental state for the crime of soliciting for child prostitution is "knowingly." *People v. Emerterio*, 819 P.2d 516, 518-19 (Colo. App. 1991), *rev'd on other grounds sub nom. People v. San Emerterio*, 839 P.2d 1161 (Colo. 1992). The division decided that "[t]he gist of the crime of solicitation is that the defendant is aware of what he is doing." *Id.* So "knowingly," and not "intentionally," as the defendant had argued, was the proper culpable mental state. *Id.* The division therefore concluded that the court did not commit plain error when it "instructed the jury that the requisite *mens rea* was that of 'knowingly.'" *Id.*

10

### 3. "[F]or the [P]urpose of [Child Prostitution]"

¶ 28    But there now appears to be a debate about the application of the "knowing" culpable mental state to the crime of soliciting for child prostitution. When the division decided *Emerterio*, the relevant model jury instruction, CJI-Crim. 24:03 (1983), read that the culpable mental state was "knowingly."

¶ 29    The Colorado Supreme Court Model Criminal Jury Instructions Committee recently altered this position, writing that it "is of the view that section 18-7-402(1)(a) describes a culpable mental state by requiring that the solicitation be for the purpose of child prostitution." COLJI-Crim. 7-4:01 cmt. 3 (2018); *see also People v. Ramos*, 2017 COA 100, ¶ 20 ("While we are not bound by the model jury instructions, they are persuasive."). As a result, the model jury instruction for soliciting for child prostitution "does *not* supplement the statutory language by imputing the [culpable mental state] of 'knowingly.'" COLJI-Crim. 7-4:01 cmt. 3 (emphasis added).

¶ 30    We conclude, for the following reasons, that the phrase "for the purpose of" is the equivalent of "intentionally."

¶ 31     First, "purpose" means "[a]n objective, goal, or end."  Black's

Law Dictionary 1431 (10th ed. 2014).  The word "purposeful" means

"[d]one with a specific purpose in mind; deliberate."  *Id.*  A person

acts with specific intent in Colorado when she acts "intentionally" or

"with intent," meaning that one's "conscious objective is to cause

the specific result proscribed by the statute defining the offense."

§ 18-1-501(5), C.R.S. 2018.  These definitions correspond.  For

example, to act "intentionally" means that one has a conscious

objective to cause a specific result; a purpose is one's objective; and

being "purposeful" means that one acts with such an objective in

mind.

¶ 32     Second, the culpable mental states in the Colorado Criminal

Code are based on the Model Penal Code.  *See People v. Derrera*,

667 P.2d 1363, 1366-67 (Colo. 1983).  And, in the Model Penal

Code, the highest level of criminal culpability is "purposely."  Model

Penal Code § 2.02(2)(a) (Am. Law Inst., Official Draft and Revised

Comments 1985).

¶ 33     "Purposely" means "with a deliberate or an express purpose:

on purpose: INTENTIONALLY, DESIGNEDLY, EXPRESSLY."

Webster's Third New International Dictionary 18a, 1847 (2002) ("A

12

cross-reference [in capital letters] following a symbolic colon is a synonymous cross-reference."). The meaning of this adverb is predictably related to the meanings of the noun "purpose" and the adjective "purposeful."

¶ 34    The Model Penal Code's definition of "purposely" is comparable to Colorado's definition of "intentionally." As is pertinent to our analysis, the Code reads that "[a] person acts purposely" when with respect to the nature or the result of his conduct, "it is his conscious object to engage in conduct of that nature or to cause such a result." Model Penal Code § 2.02(2)(a). Indeed, the Code expressly equates the terms "purposely" and "intentionally": "'intentionally' or 'with intent' means purposely." Model Penal Code § 1.13(12). From the perspective of the drafters of the Code, "[t]his difference" between "intentionally and purposely" is "one of terminology alone." *Id.* § 2.02 cmt. 2, n.11.

¶ 35    Although section 407 uses a noun — the word "purpose" in the phrase "for the purpose of" — authority defining the adverb "purposely" is helpful in determining the meaning of the phrase "for the purpose of." *See Schmuck v. State,* 406 P.3d 286, 301 (Wyo. 2017)(Either the noun "malice" or the adverb "maliciously" "will

13

convey the same underlying meaning."); *Roget's International Thesaurus*, § 653.9-.11, at 501 (4th ed. 1977)("intentionally," "purposely," "with purpose," "purposeful," and "on purpose" are synonyms).

¶ 36    In the context of culpable mental states, the congruity between the two terms is borne out by decisions from courts in other jurisdictions, which have construed the adverb "purposely" and the phrase "for the purpose of" to mean much the same thing. *Compare United States v. Bailey*, 444 U.S. 394, 405 (1980)("In a general sense, 'purpose' corresponds loosely with the common-law concept of specific intent . . . ."), *and United States v. Esch*, 832 F.2d 531, 536 (10th Cir. 1987)(same), *and United States v. Wright*, No. 1:12-CR-130, 2013 WL 164096, at *7 (W.D. Mich. Jan. 15, 2013)("'For the purpose of' means that the defendant acted with the specific intent of creating visual depictions of sexually explicit conduct."), *aff'd*, 774 F.3d 1085 (6th Cir. 2014), *and People v. Hering*, 976 P.2d 210, 213 (Cal. 1999)(the phrase "for the purpose of" "denot[es] specific intent crimes"), *with State v. Goebel*, 83 S.W.3d 639, 644 (Mo. Ct. App. 2002)("purposely" is defined as "intentional"), *and State v. Williams*, 503 N.W.2d 561, 566 (Neb. 1993)("In the context

14

of a criminal statute, 'intentionally' means . . . purposely . . . ."), *and State v. Holmes*, 920 A.2d 632, 634 (N.H. 2007)("[T]he Criminal Code generally uses the term 'purposely' in place of specific intent . . . ."), *and State v. Huff*, 763 N.E.2d 695, 701 (Ohio Ct. App. 2001)(The definition of "purposely" "require[s] the offender to have the specific intent to cause a certain result."). At least one commentator has treated the adverb and the phrase interchangeably. 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.1(a), at 333 (2d ed. 2003).

¶ 37 Third, our supreme court has, in other contexts, interpreted the word "purpose" to mean "intent." In *People v. Frysig*, 628 P.2d 1004, 1010 (Colo. 1981), the court observed that "the word 'purpose' as used in the criminal attempt statute is the equivalent of the common meaning of the word 'intent.'" In *People v. Childress*, 2015 CO 65M, ¶ 21, the court recognized that the Model Penal Code described the "most culpable[] mental state giving rise to criminal liability" as "purposely" rather than as "intentionally."

¶ 38 Fourth, courts in other jurisdictions view "intentionally" and "purposely" as synonyms when discussing culpable mental states. *See, e.g., United States v. Rose*, 896 F.3d 104, 112 (1st Cir.

15

2018)("In the context of criminal law, 'intentionally' can be synonymous with 'purposely . . . .'"); *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000)("In general, 'purpose' corresponds to the concept of specific intent . . . .").

### 4. *People v. Vigil*

¶ 39    We are not persuaded that *People v. Vigil*, 127 P.3d 916 (Colo. 2006), dictates a different result. *Vigil* addressed whether the crime of sexual assault on a child, described in section 18-3-405(1), C.R.S. 2018, when combined with the definition of "sexual contact," found in section 18-3-401(4), C.R.S. 2018, creates an intentional culpable mental state requirement or a knowing one.

¶ 40    On the "intentional" side of the scale was the definition of "sexual contact," which is the "knowing touching of the victim's intimate parts by the actor . . . if that sexual contact is *for the purposes* of sexual arousal, gratification, or abuse." § 18-3-401(4) (emphasis added). The supreme court observed that the "for the purposes" language "suggest[ed] that the offense require[d] specific intent." *Vigil*, 127 P.3d at 931.

¶ 41    On the "knowing" side of the scale, the court pointed to the use of the terms "knowing" or "knowingly" in both sections

18-3-401(4) and 18-3-405(1). It also described statements by legislators who discussed the reasons for inserting those terms. *Vigil*, 127 P.3d at 932-33.

¶ 42    The court then concluded that the factors on the "knowing" side of the scale outweighed those on the "intentional" side. The legislative history demonstrated that, "when the General Assembly inserted the word 'knowingly' into the definition of the offense and the word 'knowing' into the definition of 'sexual contact,' its intent was to provide a mental-state requirement of general intent." *Id.* at 933.

¶ 43    But the culpable mental state "knowing" does not appear in section 18-7-402. So that statute is unlike the statutes discussed in *Vigil*, in which the legislature specifically inserted the terms "knowing" and "knowingly." As the Colorado Supreme Court Model Criminal Jury Instructions Committee suggested, this means that "for the purpose of" functions as the culpable mental state of the crime of soliciting for child prostitution. COLJI-Crim. 7-4:01 cmt. 3.

### 5. *Emerterio* Revisited

¶ 44  Where does this leave *Emerterio*? We are not bound by its holding. *People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008)(one division of the court of appeals is not bound by another's decision). We respectfully disagree with the *Emerterio* division's observation that the crime of soliciting for child prostitution "fails to specify the requisite [culpable mental state] for the commission of this offense." 819 P.2d at 518. Rather, as we have demonstrated above, the culpable mental state of specific intent is found in the phrase "for the purpose of." Interestingly, the *Emerterio* division did not address what effect the "for the purpose of" language might have had on the applicable culpable mental state.

¶ 45  We now turn to the prosecution's contention that section 407 "forecloses" us from concluding that any culpable mental state "applies to the element that the victim is a child."

### B. What Effect Does Section 407 Have on the Crime of Soliciting for Child Prostitution?

¶ 46  Having determined that the crime of soliciting for child prostitution is a specific intent crime, we necessarily reject the

prosecution's contention that it is a strict liability crime as far as the victim's age is concerned.

¶ 47    Looking to the plain language of the crime of soliciting for child prostitution, neither the victim's actual age nor the defendant's knowledge of, or belief concerning, the victim's age is an element of the crime. "The focus of the crime is," instead, "the initial solicitation" or arrangement, and the defendant's accompanying intent, not "the ultimate sexual act which might occur." *Emerterio*, 819 P.2d at 518. The crime is therefore complete when the defendant solicits another or arranges or offers to arrange a meeting with the specific intent of engaging in child prostitution. *See People v. Mason*, 642 P.2d 8, 13 (Colo. 1982)(the crime of soliciting for prostitution "is complete when the offender solicits another for prostitution, [or] arranges or offers to arrange a meeting of persons for the purpose of prostitution").

¶ 48    To satisfy its burden, the prosecution must present evidence that the defendant had the specific intent of soliciting for child prostitution. Evidence that the defendant knew, or should have known, that the person he was soliciting was underage could be circumstantial evidence that his purpose was to engage in child

19

prostitution. *See People v. Collie*, 995 P.2d 765, 773 (Colo. App. 1999)(evidence of the defendant's intent is often proved by circumstantial or indirect evidence). Such evidence is not necessarily difficult to come by. As the Roman historian Livy once wrote, "Dishonest dealing, even if at the beginning it has been somewhat cautious, generally betrays itself in the long run." Titus Livius, *The History of Rome,* Vol. 6, 44.15 (Rev. Canon Roberts trans., J.M. Dent & Sons, Ltd., London 1905).

¶ 49     We therefore conclude, echoing the trial court, that section 407 and the crime of soliciting for child prostitution work together in the following way. Section 407 prevents a defendant from raising the defense that he believed that the prostitute was of legal age, but it does not relieve the prosecution of its obligation to prove that the defendant's specific intent was to solicit another, or to arrange or to offer to arrange a meeting, "for the purpose of child prostitution." As a result, the trial court applied the proper legal standard when it decided to dismiss the two soliciting for child prostitution counts naming the second girl.

¶ 50    We now turn to the question whether the trial court erred when it instructed the jury during defendant's trial about the lesser offense of soliciting for prostitution.

### C.    Does Section 407 Bar Trial Courts from Submitting Instructions on the Lesser Offense of Soliciting Another for Prostitution in Cases in Which Defendants Are Charged with Soliciting for Child Prostitution?

¶ 51    The prosecution contends that the trial court erred when it instructed the jury on the lesser offense of soliciting for prostitution. § 18-7-202(1)(a)-(b).  We disagree.

¶ 52    We review a trial court's decision to instruct a jury on a lesser offense for an abuse of discretion.  *People v. Jimenez*, 217 P.3d 841, 870 (Colo. App. 2008).  A court may abuse its discretion in instructing the jury if its decision is based on a misunderstanding or misapplication of the law.  *People v. Smalley*, 2015 COA 140, ¶ 59.

¶ 53    A defendant is entitled to an instruction about a lesser offense if "there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 18-1-408(6), C.R.S. 2018.  A trial court need not give a lesser included offense instruction "if the element that distinguishes the

greater from the lesser offense is uncontested [because] the jury cannot rationally acquit the defendant of the greater offense and convict him . . . of the lesser." *People v. Hall*, 59 P.3d 298, 299-300 (Colo. App. 2002).

¶ 54     The general crime of soliciting another for prostitution and the specific crime of soliciting for child prostitution set forth the same means to commit those respective crimes: (1) soliciting another; or (2) arranging or offering to arrange a meeting of persons.  The difference lies in the defendant's purpose — whether the defendant intended to solicit a child for prostitution.

¶ 55     The prosecution asserts that, because it was uncontroverted that the girls in this case were under eighteen years old, there was no rational basis for the jury in this case to acquit defendant of soliciting for child prostitution and convict him of soliciting for prostitution.  And, the prosecution continues, because defendant could not claim ignorance of the age of the first girl, who had appeared in the photograph, under section 407, the court should not have instructed the jury about the lesser offense of soliciting for prostitution.  In other words, the prosecution submits that the difference between these two offenses lies in the age of the person

solicited. We disagree because, as we have concluded above, the focus of the crime of soliciting for child prostitution is on the defendant's intent, not on the age of the person solicited.

¶ 56    We therefore conclude that the trial court did not abuse its discretion when it instructed the jury on the offense of soliciting for prostitution because the court did not misunderstand or misapply the law. *See Smalley*, ¶ 59; *Jimenez*, 217 P.3d at 870. The jury could have rationally acquitted defendant of the greater offense of soliciting for child prostitution if it had found that he did not intend to solicit a child. And the jury could have rationally found him guilty of the lesser offense of soliciting for prostitution if it had found that his intent was merely to solicit another for prostitution.

¶ 57    The trial court's rulings are approved.

JUDGE MÁRQUEZ and JUDGE VOGT concur.