Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 1, 2021

**2021 CO 9**

**No. 19SC573, *People v. Ross*—§ 18-7-402(1)(a), (b), C.R.S. (2020)—"For the Purpose of" Prostitution of or by a Child—§ 18-7-407, C.R.S. (2020).**

The supreme court determines that it need not resolve the parties' dispute as to whether "with intent" or "knowingly" is the applicable culpable mental state for the crime of soliciting for child prostitution under section 18-7-402(1)(a), (b), C.R.S. (2020) (respectively "subsection (a)" and "subsection (b)"). Instead, the court concludes that the requisite culpable mental state—whether with intent or knowingly—applies to all the elements (and every part of each element) in subsections (a) and (b), including that the purpose of the defendant's conduct was the prostitution of or by a child. Thus, simply proving that the defendant's purpose was prostitution in general, not child prostitution specifically, cannot suffice—even if there is eventually prostitution of or by a child.

Contrary to the People's contention, neither the victim's age nor the defendant's knowledge of, or belief concerning, the victim's age is an element of

soliciting for child prostitution pursuant to subsections (a) and (b). The pertinent element is that "the purpose" of the defendant's solicitation, meeting arrangement, or offer to arrange a meeting was "prostitution of a child or by a child." And no part of that element is subject to strict liability.

Finally, like the trial court and the court of appeals, the supreme court rules that, while section 18-7-407, C.R.S. (2020), precludes a defendant from raising a defense based on either his lack of knowledge of the child's age or his reasonable belief that the child was an adult, it does not relieve the People of their burden of proof under subsections (a) and (b). Therefore, section 18-7-407 does not permit the People to avoid their obligation to prove that, in soliciting another or arranging (or offering to arrange) a meeting, the defendant's purpose was child prostitution.

Because the court of appeals correctly approved the trial court's ruling under challenge, the supreme court affirms. However, the supreme court does so on other grounds because its reasoning differs at least in part from that of the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2021 CO 9

---

### Supreme Court Case No. 19SC573
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 17CA204

---

### Petitioner:

The People of the State of Colorado,

**v.**

### Respondent:

Phillip L. Ross.

---

### Judgment Affirmed
*en banc*
February 1, 2021

---

**Attorneys for Petitioner:**
Beth McCann, District Attorney, Second Judicial District
Johanna G. Coats, Deputy District Attorney
   *Denver, Colorado*

**Attorneys for Respondent:**
Mallika L. Magner
   *Crested Butte, Colorado*

**Attorneys for Amicus Curie Colorado Criminal Defense Bar:**
Decker & Jones
Christopher R. Decker
   *Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.
**JUSTICE MÁRQUEZ** does not participate.

2

¶1 In this appeal, the People ask us to determine whether the phrase "for the purpose of" in two statutory provisions defining the crime of soliciting for child prostitution, § 18-7-402(1)(a), (b), C.R.S. (2020) (respectively "subsection (a)" and "subsection (b)"), describes a culpable mental state. A division of the court of appeals said it does and then equated the phrase with the culpable mental state of intentionally or with intent. The People disagree and argue that the phrase "for the purpose of" in subsections (a) and (b) does not describe a culpable mental state or mens rea, but instead qualifies the prohibited conduct or the actus reus — soliciting another or arranging (or offering to arrange) a meeting — by specifying the reason for which such conduct must have been undertaken: for the purpose of prostitution of a child or by a child.

¶2 But the People do not claim that subsections (a) and (b) impose strict liability, which would require no more than "the performance by a person of . . . a voluntary act or the omission to perform an act" the person "is physically capable of performing." § 18-1-502, C.R.S. (2020) (defining "strict liability"). Instead, they urge us to rule that, while the two subsections are silent on a culpable mental state, the proscribed conduct necessarily involves the culpable mental state of

3

knowingly or willfully.[1]  For that reason, maintain the People, we should impute the culpable mental state of knowingly to each subsection.

¶3      We do not have to address the merits of the People's position because, even if we were to agree with it, the People still could not prevail on their final contention, which is dispositive.  According to the People, "[r]egardless of whether the mens rea . . . is general knowledge or specific intent, that mental state does not apply to the age of the child."  The age of the child, contend the People, is an element governed by strict liability.  The People would thus have us hold that subsections (a) and (b) require proof that the defendant's purpose was prostitution and that the victim was a child — not proof that the defendant's purpose was child prostitution.

¶4      Contrary to the People's assertion, however, the division correctly determined that neither the victim's age nor the defendant's knowledge of, or belief concerning, the victim's age is an element of soliciting for child prostitution. The pertinent element is that "the purpose" of the defendant's solicitation, meeting arrangement, or offer to arrange a meeting was "prostitution of a child or by a

---

[1] In the interest of brevity, throughout the rest of this opinion, we refer to "with intent" rather than to intentionally or with intent, and we refer to "knowingly" rather than to knowingly or willfully.  *See* § 18-1-501(5)–(6), C.R.S. (2020).

4

child." And no part of that element is subject to strict liability. The requisite culpable mental state—whether with intent, as the division determined, or knowingly, as the People suggest—applies to all the elements (and every part of each element) in subsections (a) and (b), including that the purpose of the defendant's conduct was the prostitution of or by a child. Therefore, simply proving that the defendant's purpose was prostitution in general, not child prostitution specifically, cannot suffice—even if there is eventually prostitution of or by a child.

¶5 And, like the trial court and the division, we conclude that, while section 18-7-407, C.R.S. (2020), precludes a defendant from raising a defense based on either his lack of knowledge of the child's age or his reasonable belief that the child was an adult, it does not relieve the People of their burden of proof under subsections (a) and (b). Thus, section 18-7-407 does not give the People a pass on their obligation to prove that, in soliciting another or arranging (or offering to arrange) a meeting, the defendant's purpose was *child* prostitution.

¶6 Because the division correctly approved the trial court's ruling under challenge, we affirm. However, because the division's reasoning differs at least in part from ours, we do so on other grounds.[2]

## I. Facts and Procedural History

¶7 In 2015, Phillip L. Ross visited a website showing advertisements posted by individuals willing to perform sexual acts in exchange for money. Two girls under the age of eighteen, C.W. and M.O., had placed some of those advertisements. While C.W. and M.O. listed varying ages in their advertisements, they consistently indicated that they were at least nineteen years old and that any activities would be between two adults. Ross sent the girls sexually explicit text messages and negotiated the price he would pay in exchange for sexual acts.

¶8 During his communications with M.O., Ross specifically inquired about her age, and she replied that she was twenty years old. Though Ross did not ask C.W. her age, her photograph appeared in the advertisements. As a result, he was aware of her physical appearance. When he was subsequently arrested, Ross admitted to texting the girls and agreeing to pay for sexual acts but maintained that he had not intended to solicit them for the purpose of *child* prostitution.

---

[2] We express no opinion on the soundness of the division's conclusion that the phrase "for the purpose of" in subsections (a) and (b) describes the culpable mental state of with intent.

¶9     The People charged Ross with multiple offenses, including four counts of soliciting for child prostitution, a class 3 felony. Two counts pertained to each girl: one count pursuant to subsection (a) and one count pursuant to subsection (b). A person commits the crime of soliciting for child prostitution under subsection (a) if he "[s]olicits another for the purpose of prostitution of a child or by a child," and a person commits the same crime under subsection (b) if he "[a]rranges or offers to arrange a meeting of persons for the purpose of prostitution of a child or by a child."

¶10    During trial, at the end of the People's case, Ross moved for a judgment of acquittal on all four counts of soliciting for child prostitution. He argued that the People had failed to present any evidence that, in soliciting or arranging (or offering to arrange) a meeting, his purpose was prostitution of a child or by a child. According to Ross, that could not have been his purpose because he had no idea the girls were children. What's more, protested Ross, he reasonably believed the girls were adults. The People countered that section 18-7-407 prevented Ross from raising a defense based on either his lack of knowledge of the girls' ages or his reasonable belief that they were at least eighteen years old. The age of each girl, maintained the People, was a strict liability element.

¶11    The trial court agreed with the People that section 18-7-407 precluded Ross from defending against the charges based on either his lack of knowledge of the

7

girls' ages or his reasonable belief that they were adults. But it nevertheless sided with Ross's interpretation of subsections (a) and (b) as requiring the People to prove that, in soliciting another or arranging (or offering to arrange) a meeting, his purpose was prostitution of or by a *child*. And, because it was uncontested that the People had introduced no *direct* evidence that, in soliciting C.W. and M.O. or arranging (or offering to arrange) a meeting with them, Ross's purpose was prostitution of or by a child, the court turned to the *circumstantial* evidence admitted to determine whether such purpose could be inferred.

¶12    The court focused on the circumstantial evidence related to whether Ross knew or should have known that the two girls were younger than eighteen years of age. As to C.W., the court relied on her photograph in the advertisements to find that the People had introduced sufficient evidence that Ross's purpose in soliciting or arranging (or offering to arrange) a meeting with her was prostitution of or by a child. It thus denied Ross's motion for a judgment of acquittal on the two counts of soliciting for child prostitution naming C.W. However, as to M.O., the court reached the opposite conclusion because there was no photograph of her in the advertisements, and the only information available about her age indicated that she was at least nineteen years old. Hence, the court ruled that the People had failed to present any evidence that, in soliciting M.O. or arranging (or offering to arrange) a meeting with her, Ross's purpose was prostitution of or by a child.

8

Consistent with that ruling, the court entered a judgment of acquittal on the counts of soliciting for child prostitution naming M.O.

¶13 During deliberations, the jurors informed the court that, while they were at an impasse on the two counts of soliciting for child prostitution naming C.W., they could reach unanimous verdicts on the two lesser included misdemeanor offenses of soliciting another (C.W.) for prostitution.[3] Rather than accept the verdicts on the lesser included offenses, the court granted the People's request to declare a mistrial. The People then filed an original proceeding in our court pursuant to C.A.R. 21. After we declined to exercise our original jurisdiction, the People and Ross entered into a plea disposition that allowed him to plead guilty to the two misdemeanor counts of soliciting another (C.W.) for prostitution.

¶14 Relying on the "question of law" provision in subsection 16-12-102(1), C.R.S. (2020), the People appealed to the court of appeals. As pertinent here, they argued that subsections (a) and (b) are silent on a culpable mental state and that the proscribed conduct warrants imputing the culpable mental state of knowingly. Though the People acknowledged that the trial court had instructed the jury by including the culpable mental state of knowingly as an element of the crime of

---

[3] The trial court instructed the jury on the lesser included offenses at Ross's request and over the People's objection.

9

soliciting for child prostitution,[4] they contended that the court had erred in partially granting Ross's motion for a judgment of acquittal based on the lack of evidence that his purpose in soliciting M.O. or arranging (or offering to arrange) a meeting with her was *child* prostitution. The People submitted that they were only required to prove that Ross's purpose was prostitution and that M.O. turned out to be a child. In other words, the People viewed subsections (a) and (b) as imposing strict liability on part of the purpose element.

¶15 In a published opinion, the division unanimously approved the ruling dismissing the soliciting for child prostitution counts naming M.O. Contrary to the People's contention, the division determined that "for the purpose of" in subsections (a) and (b) "is the equivalent of" the culpable mental state of "with intent." *People v. Ross*, 2019 COA 79, ¶ 30, __ P.3d __.

¶16 Further, like the trial court, the division rejected the People's assertion that the victim's status as a child is an element of soliciting for child prostitution. *Id.* at

---

[4] With respect to subsection (a), the trial court instructed the jury that the elements of the offense were that: (1) the defendant; (2) in the State of Colorado, on or about the date charged; (3) knowingly; (4) solicited another; (5) for the purpose of prostitution of a child or by a child. With respect to subsection (b), the trial court instructed the jury along the same lines, except that element (4) stated that the People were required to prove that Ross arranged or offered to arrange a meeting of persons.

¶ 9. Rather, explained the division, what subsections (a) and (b) require the People to prove is that, in soliciting another or arranging (or offering to arrange) a meeting, the defendant's intent was child prostitution. *Id.* So long as the People prove that the defendant had the requisite intent, continued the division, "it does not matter whether the 'other' whom the defendant solicit[ed]" was "actually a child" or "actually an adult." *Id.* Therefore, held the division, while section 18-7-407 prevents a defendant from raising a defense based on either his lack of knowledge of the victim's age or his reasonable belief that the victim was an adult, it does not dispense with the People's burden under subsections (a) and (b) to prove that the defendant's intent in soliciting another or arranging (or offering to arrange) a meeting was child prostitution. *Id.* at ¶ 49. And, because the People had presented no evidence that Ross's intent in soliciting M.O. or arranging (or offering to arrange) a meeting with her was child prostitution, the division approved the trial court's ruling granting in part Ross's motion for a judgment of acquittal. *Id.*

¶17 The People asked our court to review the division's opinion. And we agreed to do so.[5]

---

[5] The People's petition raised two issues:

11

## II. Analysis

¶18    We begin by discussing the standard of review controlling this appeal and the relevant principles of statutory interpretation. Then, adhering to that authority, we reach two conclusions.

¶19    First, the requisite culpable mental state—whether with intent, as the division determined, or knowingly, as the People submit—applies to all the elements (and every part of each element) in subsections (a) and (b), including that the purpose of the defendant's conduct was the prostitution of or by a child. In other words, no part of the purpose element is subject to strict liability. Thus, simply proving that the defendant's purpose was prostitution in general, not child prostitution specifically, cannot suffice—even if there is eventually prostitution of or by a child.

¶20    Second, section 18-7-407 does not relieve the People of their obligation under subsections (a) and (b) to prove that, in soliciting another or arranging (or offering to arrange) a meeting, the defendant's purpose was prostitution of or by

---

1. Whether the court of appeals erred when it held that the crime of soliciting for child prostitution under section 18-7-402(1), C.R.S. (2019), requires proof of specific intent.

2. Whether the requisite mental state for soliciting for child prostitution under section 18-7-402(1), C.R.S. (2019), applies to all elements of the crime.

12

a child. Therefore, the People cannot wield section 18-7-407 as a crutch here to dodge their burden of proving that Ross solicited M.O. or arranged (or offered to arrange) a meeting with her for the purpose of prostitution of or by a child.

¶21 Because the People failed to present any evidence that, in soliciting M.O. or arranging (or offering to arrange) a meeting with her, Ross's purpose was prostitution of or by a child, the trial court correctly dismissed the two counts of soliciting for child prostitution naming her. We thus affirm the division's approval of that ruling, albeit on different grounds.

## A. Standard of Review and Relevant Principles of Statutory Interpretation

¶22 The questions we confront today involve statutory interpretation. We review issues of statutory interpretation de novo. *Thompson v. People*, 2020 CO 72, ¶ 22, 471 P.3d 1045, 1051.

¶23 In construing a statute, our primary goal is to ascertain and give effect to the legislature's intent. *Id.* To do so, our first step is always to look to the language of the statute. *Id.* We must give each word and phrase its plain and ordinary meaning. *Id.* And we must be mindful to "adopt a construction that avoids or resolves potential conflicts" with other statutes and gives "effect to all legislative acts, if possible." *Mook v. Bd. of Cnty. Comm'rs*, 2020 CO 12, ¶ 24, 457 P.3d 568, 575 (quoting *People v. Stellabotte*, 2018 CO 66, ¶ 32, 421 P.3d 174, 180).

## B. Application

¶24 Neither party asserts that soliciting for child prostitution, as set forth in subsections (a) and (b), is a strict liability offense—nor would such an assertion hold water. And neither party asks us to consider the culpable mental states of "recklessly" and "criminal negligence"—nor are we aware of any basis to do so. The parties disagree, though, on whether the applicable culpable mental state is with intent or knowingly.

¶25 The division equated the phrase "for the purpose of" in subsections (a) and (b) with the culpable mental state of with intent. Ross agrees with that approach. But the People argue that "for the purpose of" in subsections (a) and (b) relates to the prohibited conduct or the actus reus, not any culpable mental state or mens rea. As such, the People believe that subsections (a) and (b) do not expressly set forth a culpable mental state. The People urge us to impute the culpable mental state of knowingly to both subsections pursuant to section 18-1-503, C.R.S. (2020). Under section 18-1-503, even if no culpable mental state is expressly designated in a statute defining an offense, "a culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such a culpable mental state." § 18-1-503(2).

14

¶26    We leave this dispute for another day because its resolution does not affect the outcome of the People's appeal.  Even if, as the People claim, "for the purpose of" in subsections (a) and (b) relates to the prohibited conduct, not the culpable mental state, and the applicable culpable mental state is knowingly, not with intent, the People still cannot prevail here.  Regardless of which of the two culpable mental states applies, the People are mistaken in their belief that subsections (a) and (b) require proof that the defendant's purpose was prostitution and that the victim was a child — not proof that the defendant's purpose was child prostitution.

## 1.  No Part of the Purpose Element in Subsections (a) and (b) Is Governed by Strict Liability

¶27    When a statute defining an offense specifies a culpable mental state, that culpable mental state "is deemed to apply to every element of the offense unless an intent to limit its application clearly appears."  § 18-1-503(4).  To the extent that subsections (a) and (b) specify a culpable mental state, no legislative intent appears in those subsections to restrict application of the applicable culpable mental state to any element or elements.  And, to the extent that subsections (a) and (b) do not specify a culpable mental state but a culpable mental state must nevertheless be imputed to some or all of the elements in those subsections, there is no basis for exempting any part of the purpose element from application of such culpable mental state.  Hence, we perceive no sound reason to conclude that any part of the purpose element in subsections (a) and (b) is subject to strict liability.

15

¶28 Still, the People claim that the plain language of subsections (a) and (b) supports their position that they didn't have to prove that Ross's purpose in soliciting M.O. or arranging (or offering to arrange) a meeting with her was child prostitution. Instead, assert the People, the plain language of the two subsections demonstrates that it was sufficient to prove that Ross's purpose was prostitution and that M.O. turned out to be a child. We disagree.

¶29 The subsections specifically refer to soliciting another or arranging (or offering to arrange) a meeting "for the purpose of prostitution *of a child or by a child*." § 18-7-402(1)(a), (b) (emphasis added). Contrary to the People's contention, there is no persuasive basis for divorcing the phrase "of a child or by a child" from the phrase "for the purpose of prostitution." Consequently, we decline the People's invitation to treat, on the one hand, the phrase "for the purpose of prostitution" as an adverbial phrase modifying the verbs "solicits," "arranges," and "offers," and, on the other, the phrase "of a child or by a child" as an adjectival phrase modifying the noun "prostitution." We believe that it is more faithful to the legislature's intent to read the pertinent language in subsections (a) and (b) as a single adverbial phrase: "for the purpose of prostitution of a child or by a child."

¶30 The People maintain, however, that section 18-7-407 corroborates their interpretation of subsections (a) and (b). For the reasons we articulate next, we beg to differ.

16

## 2. Section 18-7-407 Does Not Alter the People's Burden Under Subsections (a) and (b)

¶31 Section 18-7-407 provides that in any prosecution brought pursuant to sections 18-7-402 to -407, "it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be eighteen years of age or older." According to the People, this provision creates strict liability as to the element in subsections (a) and (b) related to the victim's age. This is a strawman argument, however, because neither subsection includes an element regarding the victim's age. Rather, the pertinent element is that the defendant's solicitation, meeting arrangement, or offer to arrange a meeting was "for the purpose of prostitution of a child or by a child."

¶32 The focus of the crime of soliciting for child prostitution is the solicitation, meeting arrangement, or offer to arrange a meeting, accompanied by the purpose behind such conduct, not the ultimate sexual act, which may or may not occur and, if it occurs, may or may not involve a child. *See People v. Emerterio*, 819 P.2d 516, 518 (Colo. App. 1991), *rev'd on other grounds sub nom. People v. San Emerterio*, 839 P.2d 1161 (Colo. 1992). The crime is completed the moment the defendant solicits another or arranges (or offers to arrange) a meeting for the requisite purpose. *Cf. People v. Mason*, 642 P.2d 8, 13 (Colo. 1982) (indicating that soliciting for prostitution "is complete when the offender solicits another for prostitution,

17

[or] arranges or offers to arrange a meeting of persons for the purpose of prostitution").

¶33 Thus, if a defendant solicits another for the purpose of prostitution of a child, the defendant violates subsection (a). It doesn't matter whether anyone is ultimately prostituted and, if so, whether that person turns out to be a child. By the same token, if a defendant solicits another for the purpose of prostitution of an adult, the defendant does not violate subsection (a). That's true regardless of whether anyone is ultimately prostituted and, if so, whether that person turns out to be a child. Of course, proof that a child was, in fact, ultimately prostituted and that the defendant knew or should have known she was a child may well be circumstantial evidence related to the purpose of the solicitation.

¶34 We acknowledge that there is some tension between section 18-7-407 and subsections (a) and (b). But we are duty-bound to interpret these statutory provisions harmoniously—that is, in a manner that gives consistent and sensible effect to all their parts and avoids rendering any words or phrases meaningless. *Mook*, ¶ 24, 457 P.3d at 574. For that reason, like the trial court and the division, we conclude that, while section 18-7-407 precludes a defendant from raising a defense based on either his lack of knowledge of the child's age or his reasonable belief that the child was an adult, it does not relieve the People of their obligation

18

under subsections (a) and (b) to prove that, in soliciting or arranging (or offering to arrange) a meeting, the defendant's purpose was prostitution of or by a child.

¶35 Finally, we are not persuaded otherwise by the People's argument that this reading of subsections (a) and (b) and section 18-7-407 will lead to unconstitutional results. The "doctrine of constitutional avoidance" on which the People rely applies only when courts interpret statutes that are ambiguous.[6] Here, while we believe there is some tension between section 18-7-407 and subsections (a) and (b), we discern no ambiguity in their provisions.

## III. Conclusion

¶36 We conclude that the requisite culpable mental state in subsections (a) and (b)—whether with intent, as the division determined, or knowingly, as the People urge—applies to all the elements (and every part of each element) in those subsections. We further conclude that section 18-7-407 does not relieve the People of their obligation under subsections (a) and (b) to prove that, in soliciting another

---

[6] There are at least two different canons of construction that are sometimes given the "constitutional avoidance" label: one, perhaps better termed the "presumption of constitutionality," directs courts, where possible, to "interpret *ambiguous statutes* to avoid rendering them unconstitutional"; the other, the "constitutional doubt canon," which is the more modern and more debated canon, suggests that "courts should construe *ambiguous statutes* to avoid the need even to address serious questions about their constitutionality." *United States v. Davis*, 139 S. Ct. 2319, 2332 n.6 (2019) (emphases added).

or arranging (or offering to arrange) a meeting, the defendant's purpose was prostitution of or by a child. Because the division correctly approved the trial court's ruling under challenge, we affirm. However, because the division's reasoning differs at least in part from ours, we do so on other grounds.